IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROSAELIA GOMEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. <u>2:15-CV-00103</u> |
| | § | |
| STATE FARM LLOYDS | § | |

---

**INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION**

---

1.    Docket Sheet

2.    Plaintiff's Original Petition

3.    Citation for State Farm Lloyds

4.    Defendant's Original Answer

5.    Defendant's Jury Demand

6.    Notice of Court Hearing

7.    Notice of Removal in Civil Action

```
                    C I V I L   D O C K E T
                  293rd Judicial District Court
Maverick County                                        The Software Group, Inc.
Case No. 15-07-31614-MCV                                September 9th, 2015  8:49am
==============================================================================
ROSA ELIA GOMEZ vs. STATE FARM LLOYDS          |  Filed : 07/06/2015
                                               |  Status: Filed
                                               |  Type: ACCOUNTS, CONTRACTS
                                               |
                                               |  Judge
                                               |    CYNTHIA L. MUNIZ
                                               |
                                               |  Court Reporter
                                               |
==============================================================================
  Date  |                                              | Volume  |   Page
==============================================================================
        |                                              |         |
        |            Events & Orders of the Court      |         |
        |                                              |         |
07/06/15 | SFILE                                       |         |
07/06/15 | PLAINTIFF ORIGINAL PETITION                 |         |
07/06/15 | Jury Trial Requested                        |         |
07/22/15 | CITATION Issued -Defendant, STATE FARM LLOYDS |       |
07/28/15 | NOTICE OF HEARING                           |         |
         | SET FOR PRETRIAL HEARING/DOCKET CONTROL CONFERENCE 11/9/15 AT 10AM |
09/04/15 | DEFENDANT'S ORIGINAL ANSWER                 |         |
         | STATE FARM LLOYDS ANSWER                    |         |
09/04/15 | JURY DEMAND                                 |         |
09/04/15 | Answer Filed -Defendant, STATE FARM LLOYDS  |         |
11/09/15 | Pre-Trial & Docket Call                     |         |
```

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

15-07-31614-MCV

CAUSE NO. _____

| | | |
|---|---|---|
| ROSAELIA GOMEZ,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | MAVERICK COUNTY, |
| STATE FARM LLOYDS,<br>Defendant. | §<br>§<br>§<br>§ | 293RD<br>\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Rosaelia Gomez (hereinafter "Plaintiff"), and complains of State Farm Lloyds (hereinafter "Defendant"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.     Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Eagle Pass, in Maverick County, Texas.

### PARTIES

3.     Plaintiff is an individual whose residence is located in Eagle Pass, Maverick County, Texas.

---



Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

4.      Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Rendi Black C/O State Farm, at its registered address, 17301 Preston Road, Dallas, Texas 75252-5727.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 877 Trinity Street, Eagle Pass, Texas 78852, (the "Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through her residential policy, 83ER90751, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around October 2, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, her residential policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

12.     Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property.  However, Defendant failed to conduct a fair investigation into the damage to the Property.  Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.  Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.  Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Defendant has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17.     Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable

---

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Defendant.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## A.
## NEGLIGENCE

24.     Defendant had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Defendant breached this duty in a number of ways, including but not limited to the following:

       a.     Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

       b.     Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

       c.     Defendant failed to properly complete all adjusting activities associated with Plaintiff.

25.     Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Defendant's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> a.      Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

> b.      Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

> c.      Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

> d.      Using or employing an act or practice in violation of the Texas Insurance Code;

> e.      Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

> f.      Failure to properly investigate Plaintiff's claim; and/or

> g.      Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

32.     As described in this Original Petition, Defendant represented to Plaintiff that her insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

---

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

33.     As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to her detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

39.     Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

40.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

---

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.      Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to her detriment. Accordingly, Defendant became the insurer of Plaintiff.

44.      As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.      Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

46.    As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.  These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

### F.
### BREACH OF FIDUCIARY DUTY

50.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

---

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

51.     Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff.  Defendant breached that fiduciary in that:

    a.     The transaction was not fair and equitable to Plaintiff;

    b.     Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.     Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.     Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.     Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.     Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of



Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

56.     Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

      a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      b.     Engaging in unfair claims settlement practices;

      c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

      e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

      f.     Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

      g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

56.     Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## H.
## MISREPRESENTATION

57.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

58.    Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

59.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

60.    Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

61.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

---

PLAINTIFF ROSAELIA GOMEZ'S ORIGINAL PETITION                                         Page 13

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

62.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

63.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitute conduct for which the law allows the imposition of exemplary damages.

64.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

65.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

66.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

67.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

68.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

69.     More specifically, Plaintiff seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

70.     Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

71.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

72.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

73.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

> a.     Please produce Defendant complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.
>
> b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

---

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

c.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.      Please produce the electronic diary, including the electronic and paper notes made by Defendant claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intends to offer these items into evidence at trial.

## INTERROGATORIES

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.      Please identify any person Defendant expects to call to testify at the time of trial.

b.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.      If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

e.    Please state the following concerning notice of claims and timing of

payment:

    i.    The date and manner in which Defendant received notice of the claim;
    ii.    The date and manner in which Defendant acknowledged receipt of the claim;
    iii.    The date and manner in which Defendant commenced investigation of the claim;
    iv.    The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and
    v.    The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Defendant anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

j.    Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.    Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

---

PLAINTIFF ROSAELIA GOMEZ'S ORIGINAL PETITION                                    Page 17

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.    what performance measures are used; and
    ii.   describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

76.    Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ Tyler Bleau
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Tyler Bleau
Texas Bar No. 24080793
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

Electronically Filed at
7/6/2015 8:30:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

tyler@vosslawfirm.com

*ATTORNEYS FOR PLAINTIFF*

## CITATION BY MAILING

THE STATE OF TEXAS

STATE FARM LLOYDS / By Serving: Rendi Black / 17301 Preston Road / Dallas, Tx 75252-5727

Defendant, in the hereinafter styled and numbered cause:
### NOTICE
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration or twenty days after you were served this citation and petition, default judgment may be taken against you.
YOU ARE HEREBY COMMANDED to appear before the 293rd Judicial District Court of the City of Eagle Pass, Texas, County of Maverick, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 a.m of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 15-07-31614-MCV styled ROSA ELIA GOMEZ vs. STATE FARM LLOYDS filed in said Court on 07/06/15. Plaintiff is represented by TYLER BLEAU who's address is 26619 INTERSTATE 45/ THE WOODLANDS, TX. 77380 / . ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at this office on this the 22nd day of July, 2015

LEOPOLDO VIELMA
District Clerk,Maverick County, Texas
500 Quarry St. Ste 5
Eagle Pass, Tx. 78852

By: _____
Deputy

### OFFICER'S RETURN BY MAILING

Came to hand the _____ day of _____ 20___ , and executed by mailing to the Defendant certified mail, return receipt requested to wit restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Defendant _____ Address _____
Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____ .
*Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: _____ .

Citation was not executed because _____ .
Defendant may be found at: _____ .
To certify which witness my hand officially.

_____ County, Texas
By:_____ Deputy Fee for Serving Citation
$ _____

Electronically Filed at
9/4/2015 2:07:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CAUSE NO. 15-07-31614-MCV

| | | |
|---|---|---|
| ROSAELIA GOMEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | MAVERICK COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | 293RD JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, Defendant in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition, would respectfully show the Court the following:

I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant, STATE FARM LLOYDS, denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

II.

Defendant reserves its right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS, prays that Plaintiff takes nothing by reason of her suit herein, that Defendant has judgment in its favor on all issues of law and fact, that Defendant recovers its attorney's fees and costs expended herein, and for such other and further relief, general or special, at equity or in law, to which Defendant may be justly entitled.

Electronically Filed at
9/4/2015 2:07:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

    Brian M. Chandler
    SBN: 04091500
    bmc@ramey-chandler.com
    750 Bering Drive, Suite 600
    Houston, Texas  77057
    Telephone:(713) 266-0074
    Facsimile:  (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this 4th day of September 2015.

_____
Brian M. Chandler

Electronically Filed at
9/4/2015 2:07:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CAUSE NO. 15-07-31614-MCV

| | | |
|---|---|---|
| ROSAELIA GOMEZ<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | MAVERICK COUNTY, TEXAS |
| STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§ | 293RD JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, Defendant in the above-entitled and numbered cause, and hereby demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant it a trial by jury.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By: _____

Brian M. Chandler
SBN: 04091500
bmc@ramey-chandler.com
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEY FOR DEFENDANT
STATE FARM LLOYDS

Electronically Filed at
9/4/2015 2:07:07 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by electronic filing and/or certified mail, return receipt requested, by courier, receipted delivery, or by telephonic document transfer on this 4TM day of September 2015.

Brian M. Chandler



# 293rd JUDICIAL DISTRICT OF TEXAS

## CYNTHIA L. MUÑIZ
### District Judge

ALEIDA CASTILLO
Official Court Administrator

SUSAN L. VILLANUEVA
Official Court Reporter

### CAUSE NO. 15-07-31614-MCV

| | | |
|---|---|---|
| ROSAELIA GOMEZ | § | IN THE DISTRICT COURT |
| V. | § | 293rd JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § | MAVERICK COUNTY, TEXAS |

### NOTICE OF COURT HEARING

Notice is hereby given that the above styled and numbered cause has been set with the Court for **PRETRIAL HEARING / DOCKET CONTROL CONFERENCE** on the **9th** day of **November, 2015** at **10:00** o'clock **a.m.** at the **Maverick County Courthouse, District Courtroom, 500 Quarry Street**, in **Eagle Pass, Texas**, at which time all interested parties shall appear.

Counsel for the Plaintiff(s) is Ordered to notify Counsel for the Defendant(s) of this setting within three (3) days of receiving an Answer.

If no Answer has been filed by any Defendant prior to the date of the hearing, the appearance of Counsel for the Plaintiff(s) will be excused unless the Court sets the case for status hearing.

Contemporaneous with the filing of this Order, the Court's Docket Control Order will be sent to Counsel for the Plaintiff(s) via e-mail. If the Court receives the completed Docket Control Order signed by all Counsel prior to the date set for the hearing, the attendance of all Counsel at the hearing will be excused; otherwise, the attendance of Counsel is mandatory. All docket call, trial and hearing dates must conform with the Court's calendar.

The parties may agree to the selection of a mediator; however, if no selection has been made by the parties when the Court receives the executed Docket Control Order, the Court will select the mediator.

Signed on this the ___27th___ day of _____, 2015.

_____
CYNTHIA L. MUÑIZ,
Presiding Judge

FILED
AT _____O'CLOCK ___M

JUL 2 8 2015
LEOPOLDO VIELMA
District Clerk Maverick County, Texas
By _____ Deputy

Tc:   Mr. Tyler Bleau, Attorney at Law, Telecopier, (713) 861-0021

---

500 Quarry Street, Suite 4 ● Eagle Pass, Texas 78852 ● 830.758.1730 tel ● 830.758.1775 fax
Maverick County ● Dimmit County ● Zavala County

CAUSE NO. 15-07-31614-MCV

| | | |
|---|---|---|
| ROSAELIA GOMEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | MAVERICK COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 293RD JUDICIAL DISTRICT |

## NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS (DEL RIO DIVISION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on September 11, 2015, Defendant, STATE FARM LLOYDS, filed its Notice of Removal in the United States District Court for the Western District of Texas (Del Rio Division).  The Notice of Removal effects the removal, and the State Court shall proceed no further unless and until the case is remanded.  28 U.S.C. § 1446(d).  Counsel for Plaintiff is being provided with the Notice of Removal and this Notice.  The Notice of Removal is attached as Exhibit "A"

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By:___ */s/ Brian M. Chandler*_____
Brian M. Chandler
State Bar No. 04091500
Jill D. Schein
State Bar No. 00787476
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 266-0074
Facsimile:   (713) 266-1064
bmc@ramey-chandler.com
jschein@ramey-chandler.com
rps@ramey-chandler.com

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been provided to all counsel of record in accordance with TEX. R. CIV. P. 21a on this the 11th day of September 2015.

_/s/ Brian M. Chandler_
Brian M. Chandler

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROSAELIA GOMEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Lloyds, hereby removes to this Court, the State Court action described below.

### Procedural Background and Parties

1.      On or about July 6, 2015, Rosaelia Gomez filed Plaintiff's Original Petition in Cause No. 15-07-31614-MCV in the 293rd Judicial District Court of Maverick County, Texas, initiating an action identifying State Farm Lloyds as the Defendant.

2.      State Farm Lloyds received the Citation and Plaintiff's Original Petition on or about August 17, 2015.  Defendant State Farm Lloyds filed an Original Answer and Request for Jury Trial, and is filing a Notice of Removal of Civil Action in the State Court action.

3.      At the time this action was commenced, Plaintiff was, and still is, a citizen of Texas.  Rosaelia Gomez is a natural person residing in Maverick County, Texas; and, thus, is a citizen of Texas.

4.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois.  State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who

**EXHIBIT A**

were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

## Nature of the Suit

5.    In her Original Petition, Plaintiff alleges multiple claims and causes of action against State Farm Lloyds including negligence, breach of contract, violations of Texas Deceptive Trade Practices Act and Tie-in-Statutes, non-compliance with Sections 541 and 542 of the Texas Insurance Code, breach of fiduciary duty, unfair insurance practices, misrepresentation, and common-law fraud by negligent misrepresentation. Plaintiff further alleges State Farm Lloyds violated the Insurance Code "knowingly," as that term is used in the applicable statute. Plaintiff also asserts that State Farm Lloyds breached the common law duty of good faith and fair dealing.

## Basis for Removal

6.    This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Plaintiff's Original Petition does not set forth the exact amount of damages Plaintiff seeks in this action. Plaintiff has asserted numerous claims and causes of action against Defendants seeking not only actual damages, but also statutory damages/penalties and punitive/exemplary damages. In Plaintiff's Original Petition

"Plaintiff seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."  Therefore, based on information and belief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

<u>**Removal is Procedurally Correct**</u>

8.      Plaintiff filed her Original Petition on or about July 6, 2015.  State Farm received the citation and Plaintiff's Original Petition on or about **August 17, 2015**. Therefore, State Farm has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).  Also, this Notice of Removal is being filed less than one year after the commencement of the State Court Action.

9.      Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11.     Pursuant to Local Rule 81, all documents required by that rule to be filed with this Notice of Removal are attached and indexed.

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiff, and will file a notice with the Clerk of the 293rd Judicial District Court for Maverick County, Texas.

Respectfully submitted,


By:___/s/ Brian M. Chandler_____
      Brian M. Chandler
      Attorney-in-Charge
      State Bar No. 04091500
      Federal Bar No. 7660
      750 Bering Drive, Suite 600
      Houston, Texas  77057
      Telephone: (713) 266-0074
      Facsimile: (713) 266-1064
      Email:  bmc@ramey-chandler.com

**OF COUNSEL:**

RAMEY, CHANDLER, QUINN & ZITO, P.C.
Jill D. Schein
State Bar No.  00787476
Federal Bar No.  18838

      ATTORNEYS FOR DEFENDANT
      STATE FARM LLOYDS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties by and through their attorney(s) of record via the Court's EM/ECF system on this 11th day of September 2015.


      _____/s/ Brian M. Chandler_____
      Brian M. Chandler